IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JUSTIN DAVID ROGERS,

Plaintiff,

v. CIVIL ACTION NO. 1:23-00074

MCDOWELL COUNTY COMMISSION,
et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants' motion to dismiss. ECF No. 3. For the reasons explained below, the motion is **GRANTED.**

**I. Background**

This case is before the court under its removal jurisdiction, 28 U.S.C. § 1441, after defendants removed the case from the Circuit Court of McDowell County, West Virginia. See ECF No. 1. Plaintiff alleges that defendants "Correctional Officer[s] Green [sic] and Culbertson . . . were employed as Correctional Transportation Officers by the McDowell County Commission[,]"[1] ECF No. 1, Ex. 1 at ¶ 2, and that "[o]n or about October 13, 2020, the Plaintiff was transported by van and told

[1] Plaintiff misspells Officer Greene's last name. The complaint also omits the officers' full names and where they worked. Defendants clarify that their names are Randall Greene and Nicolas Culbertson and that they worked at Stevens Correctional Center in McDowell County. See ECF No. 4 at 1-2.

to exit the vehicle. The vehicle was not properly maintained and did not have a step for plaintiff to step on to exit the vehicle. The defendants were using a milk crate that collapsed or toppled over. Plaintiff was handcuffed and shackled and unable to protect himself from falling and being injured. Plaintiff suffered injuries to his neck, back, ribs, and leg[,]" id. at ¶ 4. Plaintiff also alleges that "the Defendants were responsible for safely transporting plaintiff and assisting him out of the vehicle[,] id. at ¶ 5, and that "[t]he individual defendants, [sic] wrongfully failed to maintain the vehicle so that it was safe and wrongfully failed to ensure the safety of plaintiff as he was exiting the vehicle[,]" id. at ¶ 6. Plaintiff contends that "[t]he Defendants owed a duty unto the Plaintiff to properly maintain the vehicle, to operate said vehicle in a safe manner, and assist plaintiff in exiting the vehicle[,]" id. at ¶ 7, and that "[t]he Defendants breached all of the aforesaid duties owed to the Plaintiff while acting under the color of state law[,]" id. at ¶ 8.

Plaintiff initially alleged claims against both the McDowell County Commission and the individual defendants, Officers Greene and Culbertson. See id. at Counts I-IV. Plaintiff has since, however, withdrawn his claims against the McDowell County Commission. See ECF No. 6 at 2 n.1. His remaining claims against the individual defendants are for (1)

"Reckless Conduct" in violation of West Virginia Code § 29-12A-5(b)(2) and (2) "Deliberate Indifference" in violation of 42 U.S.C. § 1983. See ECF No. 1, Ex. 1 at Counts II and IV. Defendants have moved this court to dismiss those claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing (1) that West Virginia's Governmental Tort Claims and Insurance Reform Act ("GTCIRA"), W. Va. Code § 29-12A-1 (1986) et seq., immunizes the individual defendants from plaintiff's "Reckless Conduct" claim brought under state law and (2) that plaintiff fails to allege sufficient facts to support a claim under 42 U.S.C. § 1983.

## II. Legal Standard

"The purpose of a Rule 12(b)(6) motion is to test the [legal] sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (citations and internal quotation marks omitted). A Rule 12(b)(6) defense asserts that even if all the factual allegations in a complaint are true, they remain insufficient to establish a cause of action. This court is also mindful that "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish

that ground, not on the nature of the ground in the abstract." Jones v. Bock, 549 U.S. 199, 215 (2007).

Accordingly, Federal Rule of Civil Procedure 8(a)(2) requires that "a pleading . . . contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677—78 (2009) (citing Fed. R. Civ. P. 8(a)(2)). The purpose of Rule 8(a)(2) is to ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The United States Supreme Court has maintained that "[w]hile a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). The court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd P'ship, 213 F.3d 175, 180 (4th

Cir. 2000). Courts must also take care to avoid confusing the veracity or even accuracy underlying the allegations that a plaintiff has leveled against a defendant with the allegations' likelihood of success. While "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004), "assum[ing]" of course "that all the allegations in the complaint are true (even if doubtful in fact)," Twombly, 550 U.S. at 555, it is also the case that "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Therefore, courts must allow a well-pleaded complaint to proceed even if it is obvious "that a recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Discussion

### a. GTCIRA Immunity

The GTCIRA states that "[i]ts purposes are to limit liability of political subdivisions and provide immunity to political subdivisions in certain instances and to regulate the costs and coverage of insurance available to political subdivisions for such liability." W. Va. Code § 29-12A-1. A county commission is a political subdivision under the Act. See

W. Va. Code § 29-12A-3(c). The Act also provides broad immunity to employees of political subdivisions:

> (b) An employee of a political subdivision is immune from liability unless one of the following applies:
>
> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
>
> (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
>
> (3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code § 29-12A-5. This statute makes clear that political subdivision "employees are presumptively immune from liability outside [these] three enumerated exceptions." Davis v. Milton Police Dep't, No. 3:20-0036, 2020 WL 2341238, at *5 (S.D.W. Va. May 11, 2020) (citing Kelley v. City of Williamson, 655 S.E.2d 528, 535 (W. Va. 2007)). Under this statute, "the fact that an individual or entity is immune does not necessarily connote an absence of otherwise actionable tortious conduct; tortious conduct theoretically may have occurred for which an individual or entity has simply been granted immunity from its effects." Monongahela Power Co. v. Buzminsky, 850 S.E.2d 685, 694 (W. Va. 2020) (citing W. Va. Code § 29-12A-5).

Plaintiff alleges that the officers' conduct falls within the second exception to this immunity because it "was wanton,

willful and reckless while violating policy and procedures established by the McDowell County Commission as well as state legislative rules[,]" ECF No. 1, Ex. 1 at ¶ 13, and that their "wanton and reckless dereliction of their responsibilities proximately caused plaintiff's damages," id. at ¶ 15.

Plaintiff's sole argument in response to defendants' motion to dismiss this claim is that "[b]ecause Plaintiff has asserted that Defendants' intentional conduct was reckless, wanton and intentional, Defendants' [sic] Green [sic] and Culbertson are not entitled to immunity and defendants' motion should be denied." ECF No. 6 at 5. This is incorrect. Plaintiff cannot merely recite the elements of the claim; he must allege facts supporting the elements.

The West Virginia Supreme Court of Appeals has explained that the type of conduct that falls within this exception to immunity requires an intentional act done in disregard of a known or obvious risk so great as to make it "highly probable" that harm would follow. See Daugherty v. McDowell Cty. Comm'n, No. 21-0780, 2022 WL 17444572, at *3 (W. Va. Dec. 6, 2022) (memorandum decision). For example, in Holsten v. Massey, 490 S.E.2d 864, 877 (W. Va. 1997), that court found that a defendant's conduct did not fall within this exception because "there is no evidence . . . which suggests [the defendant acted] *intentionally* . . . or that he was so *consciously* indifferent to

the consequences . . . that he should have been certain [of the harm]."

In this case, plaintiff includes the "wanton, willful and reckless" allegations as labels, conclusions, and formulaic recitations of West Virginia Code § 29-12A-5(b)(2), and this court will not give the allegations the presumption of truth. See Twombly, 550 U.S. at 555. The court is left to consider only plaintiff's nonconclusory allegations related to this claim: that the individual officers caused "the accident," ECF No. 1, Ex. 1 at ¶ 3, by breaching their duties to maintain the van, operate it safely, and help plaintiff exit it, see id. ¶¶ 7-8.

These are negligence allegations; plaintiff simply alleges that defendants breached their duty of care to the plaintiff and caused damages. Plaintiff does not allege facts supporting a plausible inference that the officers knew or should have known of a high probability of harm to plaintiff or that the officers were consciously indifferent to his safety. The individual defendants are immune from this claim because "[t]his statutory immunity for negligence is absolute and not qualified." Hamstead v. Harvey, No. 21-0410, 2022 WL 856610, at *8 (W. Va. Mar. 23, 2022) (memorandum decision).

The court turns next to plaintiff's § 1983 deliberate indifference claim from which the GTCIRA provides no immunity. See W. Va. Code § 29-12A-18(e).

**b. Deliberate Indifference Claim**

"In order to prevail on a [Section] 1983 claim, a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States and that the defendant acted under color of state law." Wittaker v. West Virginia Div. of Corr. and Rehab., No. 2:22-cv-00167, 2022 WL 16701133, at *2 (S.D.W. Va. Nov. 3, 2022) (quoting Lester v. Gilbert, 85 F. Supp. 3d 851, 857 (S.D.W. Va. 2015)). "The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 297–98 (1991)). "In the context of prisons, the Eighth Amendment to the United States Constitution is violated when a corrections official is deliberately indifferent 'to a substantial risk of serious harm to an inmate.'" Insco v. Wexford Health Sources, Inc., No. 2:19-cv-00612, 2021 WL 4074483, at *5 (S.D.W. Va. Sept. 7, 2021) (quoting Farmer v. Brennan, 511 U.S. 825, 828 (1994)).

Deliberate indifference claims have an objective and subjective element. See King v. Riley, 76 F.4th 259, 264 (4th Cir. 2023) (citing Brennan, 511 U.S. at 834-37). "The objective

prong requires the inmate to demonstrate a 'substantial risk of serious harm.'" Id. (quoting Brennan, 511 U.S. at 834). The subjective prong requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Brennan, 511 U.S. at 837. "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (quoting Wilson, 501 U.S. at 298-300).

Plaintiff alleges under his deliberate indifference count that "Defendants were aware that a dangerous condition existed with the vehicle. This condition existed over a span of time that gave defendants ample opportunity to address and abate the dangerous condition." ECF No. 1, Ex. 1 at ¶ 21. He claims that the failure to address the condition "is an act of deliberate indifference." Id. at ¶ 22. Plaintiff also alleges that "Defendants had full knowledge that they were repeatedly placing plaintiff in a dangerous environment and that such a placement was a violation of plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution." Id. at ¶ 23.

In plaintiff's response to defendants' motion to dismiss this claim, he simply recites the complaint's allegations and argues that taking plaintiff's allegations as true, this claim "withstands the legal threshold in connection with a motion to dismiss." ECF No. 6 at 4. Like plaintiff's "Reckless Conduct" claim, however, this deliberate indifference claim is an attempt to avoid defendants' immunity from suit by dressing up a negligence claim with conclusory allegations of a § 1983 claim. His nonconclusory allegations fail to satisfy either the objective or subjective elements of a deliberate indifference claim.

**1. Objective Risk**

To satisfy this element, plaintiff must "demonstrate that 'the deprivation alleged was, objectively, sufficiently serious.'" Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (cleaned up) (quoting Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016)). "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from . . . exposure to the challenged conditions.'" Id. The Supreme Court has explained that "only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

Eighth Amendment violation.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson, 501 U.S. at 298).

Plaintiff alleges that "a dangerous condition existed with the vehicle" because defendants failed to properly maintain it. By "dangerous condition," the court assumes plaintiff means the use of a milk crate to exit the van, though plaintiff includes no allegations that defendants knew it was dangerous. Even so, courts have rejected similar attempts to convert negligence allegations into constitutional claims.

For example, in Wright v. Collins, 766 F.2d 841, 843 (4th Cir. 1985), an inmate brought a § 1983 claim against a correctional officer because the inmate fell from a ladder after the correctional officer ordered him to clean a deep prison "moat." The inmate claimed "he was forced to perform a job which [the correctional officer] knew was dangerous and nonetheless compelled him to perform." Id. at 849. The United States Court of Appeals for the Fourth Circuit found that "the facts of th[e] case d[id] not rise to the level of a constitutional violation. At most, [the officer's] order that [the inmate] use an allegedly unsafe ladder was negligence . . . ." Id.

More recently, in LaRue v. WV Div. of Corr. and Rehab., No. 2:20-cv-00151, 2020 WL 4437470, at *1 (S.D.W. Va. Aug. 3, 2020), the Chief Judge of this district followed similar reasoning and

rejected an inmate's deliberate indifference claim brought after the inmate "slipped and fell into a drainage culvert in the recreation yard" of a prison and broke his femur. The inmate claimed that the prison showed deliberate indifference to his safety because it "did not take steps to remedy this safety hazard and . . . failed to properly maintain the property." Id. (cleaned up). The court dismissed the claim, finding that the plaintiff failed to "allege a deprivation denying the minimal civilized measure of life's necessities." Id. at *3. The court reasoned that the plaintiff's allegations that the prison failed to implement safety measures "is an ordinary tort that does not rise to the level of a constitutional deprivation." Id. (citing Mitchell v. State of West Virginia, 554 F. Supp. 1215, 1217 (N.D.W. Va. 1983)).

Plaintiff's deliberate indifference claim in this case is no different. Like Collins, plaintiff alleges only that defendants knowingly exposed him to a "dangerous condition." This claim is devoid of factual enhancement elevating it above an ordinary tort claim. The allegation alone is not "significantly grave" to establish an Eighth Amendment violation. Like LaRue, plaintiff claims that defendants failed to maintain the van or remedy the alleged safety hazard. As that court explained, these allegations without more may support an ordinary tort claim but do not establish a constitutional

violation. Plaintiff's threadbare allegations of a deliberate indifference claim do not implicate the Eighth Amendment.

Plaintiff fails to satisfy the objective element of a deliberate indifference claim.

**2. Subjective Appreciation of Risk**

The subjective element follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Brennan, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297). Knowledge of the "dangerous condition" is not enough; plaintiff must allege facts supporting an inference that each defendant "knows of and disregards an excessive risk to inmate health and safety[.]" Brennan, 511 U.S. at 837 (emphasis added). Under this standard, deliberate indifference requires "a form of *mens rea* (or 'guilty mind') equivalent to criminal-law recklessness." Campbell v. Florian, 972 F.3d 385, 395 (4th Cir. 2020) (citing Brennan, 511 U.S. at 839-40). A prison official's deliberate indifference can be established "by showing that a substantial risk of serious harm was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." Cox v. Quinn, 828 F.3d 227, 236 (4th Cir. 2016) (cleaned up) (quoting Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303

(4th Cir. 2004)). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment." Duty v. Runyon, No. 3:21-cv-00420, 2021 WL 3413070, at *2 (S.D.W. Va. Aug. 4, 2021) (cleaned up) (quoting Brennan, 511 U.S. at 838). Also, "evidence of 'constructive notice' of a substantial risk generally is not sufficient to demonstrate deliberate indifference." Id. (citing Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir. 2014)). Thus, "[d]eliberate indifference is a very high standard[.]" Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

In this case, plaintiff alleges that defendants knew of the "dangerous condition" and failed to correct it. The dangerous condition alleged is presumably the use of a milk crate to exit the vehicle, though the complaint is unclear as to precisely what constituted the alleged dangerous condition. Regardless, defendants' knowledge of the dangerous condition is insufficient to establish deliberate indifference; they must have known of the excessive risk the alleged dangerous condition presented. Plaintiff, however, does not allege that defendants knew of any "substantial risk of serious harm" that use of the milk crate presented. Plaintiff alleges no documentation of the risk, prior instances of harm, or any other circumstantial evidence showing that defendants knew of the alleged risk. Plaintiff

implies through his vague allegations that defendants knew of a risk to plaintiff simply because they had used the milk crate "for a span of time." This would require the court to assume the officers' constructive knowledge of the risk presented by that practice, which is insufficient to establish deliberate indifference. The court cannot infer defendants' knowledge of excessive risk without factual allegations to support that inference. Without alleging a conscious disregard of an excessive risk, plaintiff's allegations cannot establish that defendants' conduct constituted "punishment" under the Eighth Amendment.

Plaintiff fails to sufficiently allege the subjective element of a deliberate indifference claim.

## IV. Conclusion

For these reasons, defendants' motion to dismiss (ECF No. 3) is **GRANTED.** The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 28th day of September, 2023.

ENTER:

David A. Faber

David A. Faber
Senior United States District Judge